UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAMON CAMPBELL, | Case No. 2:25-cv-01490-APG-DJA |
| Petitioner, | **Order** |
| v. | [ECF No. 1-1] |
| JEREMY BEAN, et al., | |
| Respondents. | |

*Pro se* Petitioner Damon Campbell submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and a motion for appointment of counsel. ECF Nos. 1-1 ("Petition"), 1-3 ("Motion"). After conducting an initial review of the Petition, I deferred ruling on the Motion and instructed Campbell to show cause why his Petition should not be dismissed as second or successive. ECF No. 3. Campbell timely responded. ECF No. 4. I find that Campbell has shown sufficient cause for why the Petition should not be dismissed, I grant Campbell's Motion, and I order the Petition to be served upon Respondents.

I. **BACKGROUND**[1]

Campbell challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Damon Campbell*, Case No. 00C169550. The evidence at trial, as summarized by the Nevada Supreme Court, is as follows:

> On July 22, 2000, appellant Damon Campbell approached two Hispanic males in his apartment complex parking lot. Campbell and the Hispanic men exchanged words. One of the Hispanic men whistled, causing several of his friends to run to the parking lot. Campbell fired multiple gunshots and then returned to his apartment. Shortly after, Campbell reached through his bathroom

---

[1] I take judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which are accessible at https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

window and fired three shots, killing Luis Alberto Martinez and paralyzing Carlos Villanueva. Campbell remained inside his apartment with three other individuals until police entered several hours later and arrested him.

On January 22, 2002, the state court entered a judgment of conviction, pursuant to a jury verdict, convicting Campbell of murder with the use of a deadly weapon and attempted murder with the use of a deadly weapon. Campbell was sentenced to life in prison without the possibility of parole. Campbell appealed, and the Nevada Supreme Court affirmed on July 14, 2003. Remittitur issued on August 8, 2003.

Campbell filed a state habeas petition on July 23, 2004. The state court denied Campbell postconviction relief. Campbell appealed, and the Nevada Supreme Court affirmed on July 6, 2006. Remittitur issued on August 2, 2006.

Campbell filed a federal habeas petition on September 1, 2006, in case number 3:06-cv-00484-BES-VPC. This Court conducted a merits review of the petition and denied it on September 9, 2009. Campbell appealed, and the Ninth Circuit Court of Appeals denied Campbell a Certificate of Appealability on March 23, 2011.

Campbell filed a petition for writ of prohibition on May 17, 2021. The state court denied the petition on August 5, 2021. Campbell appealed, and the Nevada Court of Appeals affirmed on March 7, 2022. Remittitur issued on April 1, 2022.

On June 9, 2022, the state court entered an amended judgment of conviction, which the Nevada Court of Appeals described as follows: "The sole amendment was to name the Victims of Crime program as the restitution recipient. The original judgment of conviction provided the restitution amount and ordered Campbell was jointly and severally liable with his codefendant for the restitution amount, but it did not identify to whom the restitution should be paid."

2

Campbell moved for the state court to modify his sentence on July 6, 2022. The state court denied the motion, Campbell appealed, and the Nevada Court of Appeals affirmed on September 18, 2023.

Campbell filed another state habeas petition on May 4, 2023. The state court denied the petition, Campbell appealed, and the Nevada Court of Appeals affirmed on May 6, 2025. Remittitur issued on June 10, 2025.

## II.   DISCUSSION

Campbell argues that his instant Petition is not second or successive to the petition in case number 3:06-cv-00484-BES-VPC because of his intervening judgment of conviction. ECF No. 4. Specifically, Campbell argues that his original judgment of conviction did not merely correct a clerical error; rather, under Nevada law, the lack of terms of his restitution rendered his original judgment of conviction invalid. *Id*. I agree.

Not every federal habeas petition filed after denial of an earlier petition is subject to the AEDPA rules regarding successive petitions. The Ninth Circuit has held that "the latter of two petitions is not 'second or successive' if there is a 'new judgment intervening between the two habeas petitions.'" *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012) (citing *Magwood v. Patterson*, 561 U.S. 320 (2010)). Where a subsequent petition follows amendment of the judgment of conviction, the question of whether the subsequent petition is successive within the meaning of AEDPA turns on the nature of the amendment of the judgment. *See Turner v. Baker*, 912 F.3d 1236, 1239 (9th Cir. 2019) ("[S]ince *Magwood*, lower courts have had to decide how significant the change to a judgment must be to create a new judgment."). The Ninth Circuit has held that an amended judgment that "replaces an invalid sentence with a valid one" creates a new, intervening judgment under *Magwood*. *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir.

3

2017). To make this assessment, the Court looks to the applicable state law to determine whether the sentencing change made by the state court created a new sentencing judgment. *Turner*, 912 F.3d at 1240.

Under Nevada law, a "judgment of conviction must set forth . . . the amount and terms of any . . . restitution." Nev. Rev. Stat. § 176.105(1)(c); *see also* Nev. Rev. Stat. § 176.033(3) ("If restitution is appropriate, set an amount of restitution for each victim of the offense."). And under Nevada law, setting restitution "is an integral part of the sentence," meaning that district court are not allowed "'to award restitution in uncertain terms.'" *Whitehead v. State*, 285 P.3d 1053, 1055 (Nev. 2012) (quoting *Botts v. State*, 854 P.2d 856, 857 (Nev. 1993)). Thus, "a judgment of conviction that imposes a restitution obligation but does not specify its terms is not a final judgment." *Id.*; *see also Slaatte v. State*, 298 P.3d 1170, 1171 (Nev. 2013) ("Because the judgment of conviction contemplates restitution in an uncertain amount, it is not final."). Accordingly, the Ninth Circuit has held that "judgments with an indeterminate restitution clause are invalid, and an amended judgment that corrects that error is a new judgment under *Magwood*." *Witter v. Reubart*, No. 22-99003, 2024 WL 810706, at *2 (9th Cir. Feb. 27, 2024).

Here, the state court entered an amended judgment of conviction on June 9, 2022, which named—for the first time—to whom the restitution should be paid. The restitution recipient is a key term of the restitution. Indeed, without a recipient, there can be no restitution. Consequently, because the amended judgment of conviction corrected the invalid restitution clause of the original judgment of conviction, I find that the amended judgment of conviction is a new, intervening judgment under *Magwood*. Thus, Campbell's Petition is not second or successive.

I now turn to Campbell's Motion. ECF No. 1-3. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id*. (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the Petition and the Motion, I will provisionally appoint the Federal Public Defender to represent Campbell. I find that appointment of counsel is in the interests of justice given, among other things, Campbell's life sentence and the complex procedural posture of this case.

### III. CONCLUSION

I THEREFORE KINDLY ORDER that the Clerk of the Court (1) file the Petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (3) electronically serve Respondents' counsel a copy of the Petition (ECF No. 1-1), (4) electronically provide Respondents' counsel a copy of this Order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing, (5) serve the Federal Public Defender a copy of this Order and the Petition (ECF No. 1-1), and (6) send a copy of this Order to Campbell and the CJA Coordinator for this division.

I FURTHER ORDER that Respondents' counsel enter a notice of appearance within 21 days of entry of this Order. No further response will be required until further order.

I FURTHER ORDER that the motion for appointment of counsel (ECF No. 1-3) is granted. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Campbell by filing a notice of appearance or (2) indicate the office's inability to represent Campbell in these proceedings. If the Federal Public Defender is unable to represent Campbell, alternate counsel will be appointed. Appointed counsel will represent Campbell in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

I FURTHER ORDER that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Campbell remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

Dated: October 2, 2025

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE